UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x
In Re:                                                        Chapter 13

**Diane and Sylvester Hixson**                  Case # 09-22939

———————————————————x
                                                     Adversary Case No

**Diane and Sylvester Hixson**
     Plaintiff,

vs

**Aurora Loan Services**
                         **Defendant.**
———————————————————x

**Complaint Seeking Damages in Core Adversary Proceeding
For Violation of RESPA**

**Introduction**

1. This is an action for actual and punitive damages filed by the debtor pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

**Jurisdiction and Venue**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of

the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of New York on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code

**Parties**

8. The Plaintiff in this case was and is a debtor under Chapter 13 of Title 11 in the above-captioned case.

9. The Plaintiffs are natural persons residing at 9 Pauline Court, Spring Valley, NY 10977.

10. The Defendant, Aurora Loan Services, with CEO Mr. Grant Whiteside is a Mortgage Corporation, with one of its branches organized and doing business in Scottsbluff under the laws of the State of Nebraska, with its headquarters located at 10350 Park Meadows

2

Drive Littleton, CO 80124.

## Factual Allegations

11. On June 1, 2009 Plaintiff filed for Bankruptcy.

12. The Plaintiffs have a mortgage account with Aurora Loan Services with the Loan # 0033475880. On or about 7/29/2009 Aurora Loan Services filed a claim in this case as claim # 3 in the amount of $436,194.22.

13. The Plaintiffs believe that they are being charged unauthorized late fees, that their payments are being misapplied and that the mortgage account is not being properly credited for payments of interest, principal and escrow charges.

14. The Plaintiffs took these matters up with their attorney as they believed they were current on the payments. The Plaintiffs sent a "Qualified Written Request" via US Postal service Certified Mail to Aurora Loan Services, 2617 College Park, Scottsbluff, NE 69363 pursuant to the Real Estate Settlement Procedures Act on or about May 22, 2009.

15. The Defendant received the "Qualified Written Request" on June 1, 2009 according to its USPS tracking number.

16. Defendant did not acknowledge the receipt of the "Qualified Written Request" by June 21, 2009, twenty days after its delivery.

17. Defendant did not respond to the "Qualified Written Request" by August 1, 2009, sixty days after its receipt.

18. As of the filing of this pleading the said Defendant has failed to have any form of communication with the debtor's attorney, or with the debtor to respond to or acknowledge the

3

aforesaid Qualified Written Requests regarding the subject account.

**Claim 1 Violation of RESPA**

19. The allegations in paragraphs 1 through 18 of this complaint are realleged and incorporated herein by this reference.

20. The Defendant is the assignee, of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code. Assignment recorded 02/20/08 in the Rockland County Clerk Office as Instrument Number 2008-00007905.

21. The "qualified written requests" was not acknowledged within 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

22. The Defendant did not, within 60 days of receipt of the "qualified written requests," provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

23. The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiff for payments made on the mortgage.

24. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiff may recover of the Defendant actual damages, costs and reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

25. Pursuant to Section 509 of Rule 3007 Debtor objects to Claim # 3 as the Defendant failed to properly apply payments.

4

## Claim 2 Breach of Contract

26. The allegations in paragraphs 1 through 25 of this complaint are realleged and incorporated herein by this reference.

27. Defendant has breached the contract by misapplying payments. Defendant did not apply the payments pursuant to the note dated November 3, 2006.

28. As a direct proximate thereof Plaintiff has suffered losses.

## Claim 3 Negligence

29. The allegations in paragraphs 1 through 28 of this complaint are realleged and incorporated herein by this reference.

30. Defendant negligently did not respond to the "Qualified Written Request". Defendant negligently misapplied payments and has done this without the protection of the law.

31. As a direct proximate thereof Plaintiff has suffered losses.


WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff has and recovers against the Defendant all reasonable legal fees

and expenses incurred by their attorney;

E. That the underlying debt to Aurora Loan Services be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtor and mark "paid in full" on all loan documents with said documents to be delivered to the debtor with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

F. That this Court order the Defendant to pay to the Plaintiff their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X; and

G. That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: :August 10, 2009
Spring Valley, New York

/s/ 
Joshua N. Bleichman
Law Office of Bleichman & Klein
Attorney for Plaintiff
268 ROUTE 59
Spring Valley, NY 10977
(845) 425-2510